UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
OMEIL NOVADO MORGAN,

                Plaintiff,

-against-

THE CITY OF NEW YORK; MICHAEL R.
BLOOMBERG, Mayor of the City of New York;
RAYMOND W. KELLY, Commissioner of the City
of New York Department of Police; OFFICER ONE;
OFFICER TWO; OFFICER THREE; and OFFICER
FOUR,

                Defendants.
----------------------------------------------------------------X

NOT FOR PUBLICATION

**MEMORANDUM AND ORDER**

12-CV-704 (WFK)(LB)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ MAY 17 2012 ★
BROOKLYN OFFICE

KUNTZ, United States District Judge.

Plaintiff Omeil Novado Morgan brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 on February 10, 2012. Plaintiff's application to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915. The Mayor of New York City and the Commissioner of the New York City Department of Police are dismissed as defendants. Plaintiff's claims against the remaining defendants may proceed.

## BACKGROUND

Plaintiff alleges that on October 1, 2010 he was standing on a sidewalk at the intersection of Nostrand Avenue and Lincoln Place in Brooklyn, New York, waiting for the light to change so that he could cross the street. (Compl. ¶¶ 6-7.) He states that he was approached by a police officer, identified here as "Officer One," who asked him why he was standing there and demanded to see identification. (Compl. ¶ 8.) When plaintiff asked why, the officer placed handcuffs on his wrist and passed him to "Officer Two," who tightened the handcuffs. (Compl. ¶¶ 8-9.) According to the complaint, a crowd gathered and additional police officers arrived.



(Compl. ¶¶ 10.) Plaintiff states that he asked the officers to loosen the cuffs because they were causing his hand to cramp, but that the officers refused his request. (Compl. ¶¶ 11-12.) Plaintiff was arrested, taken to the 77th police precinct, and detained for an unspecified period of time. (Compl. ¶¶ 13-14.) Plaintiff was eventually released from custody and given two desk appearance tickets. (Compl. ¶ 16.)

Plaintiff alleges that his arrest was made without probable cause and in the absence of a warrant. (Compl. ¶ 18.) He further alleges that the officers used unreasonable and excessive force. (Compl. ¶ 12.) Plaintiff asserts that defendants' actions violated his constitutional rights and caused physical and emotional pain and suffering, necessitating treatment. (Compl. ¶¶ 20-21.) He alleges that the City of New York has a policy and custom of deliberate indifference to the constitutional rights of residents, that it inadequately supervises and trains police officers, and that it inadequately investigates citizen complaints of police misconduct. (Compl. ¶¶ 28-30.) He states that these policies caused the violation of his constitutional rights. (Compl. ¶¶ 31-32.) Plaintiff does not specify any allegations against the Mayor of New York City, Michael R. Bloomberg, or the Commissioner of the New York City Police Department, Raymond W. Kelly. He seeks unspecified compensatory damages, along with costs and attorney's fees.

## DISCUSSION

### A. Standard of Review

Pursuant to the *in forma pauperis* statute, the court must dismiss a complaint if it determines that the action is "(i) frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint must plead "enough facts to state a claim to

2

relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim will be considered "plausible on its face" "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2d Cir. 2009). Although a *pro se* complaint must contain sufficient factual allegations to meet the plausibility standard, it is still held to less stringent standards than pleadings drafted by lawyers, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and the court is obliged to construe plaintiff's pleadings liberally and interpret them as raising the strongest arguments they suggest, Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999).

**B. Supervisory Officials**

Plaintiff alleges that defendants' actions violated his civil rights. A claim for violations of constitutional rights is cognizable under 42 U.S.C. § 1983 ("§ 1983"). In order to maintain a § 1983 action, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994) (citing Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds by Daniels v. Williams, 474 U.S. 327 (1986)). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id. "Section 1983 itself creates no substantive rights, [but] ... only a procedure for redress for the deprivation of rights established elsewhere." Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993) (citing City of Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985)).

3

A § 1983 plaintiff seeking to recover money damages must establish that the named defendant was personally involved in the wrongdoing or misconduct complained of. Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006)(quoting Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 129 S.Ct. at 1948. Plaintiff has not alleged that the Mayor or the Police Commissioner participated in the alleged harm or could otherwise be held liable for the deprivation of his constitutional rights. Accordingly, the claims against the Mayor and the Police Commissioner are dismissed.

## C. Identifying the John Doe Defendants

Plaintiff has not identified any of the police officers who participated in his arrest; however, he has described the participation of two John Doe police officers who were involved in the incident on October 1, 2010. The United States Marshals Service will not be able to serve the John Doe defendants without further identifying information. The problem encountered by plaintiff is a common one, as it is frequently difficult for *pro se* litigants to identify individual law enforcement officers. In Valentin v. Dinkins, 121 F.3d 72 (2d Cir. 1997) (per curiam), the Second Circuit made clear that a *pro se* litigant is entitled to assistance from the district court in identifying a defendant.

One means of dealing with this problem would be to permit plaintiff to conduct discovery against the City of New York, to serve interrogatories and document requests in an effort to identify these officers, and once identified, to ascertain their whereabouts for purposes of service. Then plaintiff would amend his complaint and initiate service upon these defendants. This

process is not only cumbersome for a *pro se* plaintiff, it often does not achieve results.

Accordingly, the Court hereby requests the Corporation Counsel for the City of New York to ascertain the full names and badge numbers of the police officers who arrested him on October 1, 2010, and to provide the addresses where these defendants can currently be served, within 45 days of the date of this Order. Once this information is provided, plaintiff's complaint shall be deemed amended to reflect the full names and badge numbers of these officers, additional summonses shall be issued, and the Court shall direct service on these defendants.

## **CONCLUSION**

For the reasons set forth above, all of the claims against defendants Bloomberg and Kelly are dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). No summonses shall issue against these defendants. The Clerk of Court is directed to amend the caption to reflect the dismissal of these defendants.

Plaintiff's claims shall proceed against the City of New York. The Clerk of Court is respectfully requested to issue a summons to this defendant, and the United States Marshals Service is directed to serve the Complaint, this Order, and the summons on this defendant. The Clerk shall also mail a copy of this Order and the Complaint to the New York City Law Department. Once Corporation Counsel has provided the requested information for the John Doe defendants, the Clerk of Court is directed to amend the caption of the Complaint to reflect that information. The Clerk is further directed to issue summonses to those defendants, and the United States Marshals Service is directed to serve copies of the Complaint as amended by the Clerk, this Order, and the summonses on those defendants.

The Court refers this matter to Magistrate Judge Lois Bloom for pretrial supervision.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

WILLIAM F. KUNTZ
United States District Judge

Dated: Brooklyn, New York
May 17, 2012